## Storm Brothers v. First National Bank of London.

(Decided May 29, 1912.)

### Appeal from Laurel Circuit Court.

Banks and Banking—Action for Failure to Collect Draft—State of Drawer's Account When Draft Due.—In an action against a bank for negligently failing to collect a draft payable at the bank and left with it for collection, proof that the drawer of the draft made deposits with the bank from time to time aggregating much more than the amount of the draft will not warrant a recovery in the absence of proof showing the state of the drawer's account when the draft was payable.

HAZELWOOD & JOHNSON for appellant.

SAM C. HARDIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On July 24, 1908, Storm Brothers sold a lot of staves to the H. Lyons & Son Stave Company for $409.20, of which $100 was paid cash, and for the remainder, $309.20, the stave company drew a draft on themselves, payable in 30 days, and endorsed across the face of the draft these words: "Accepted July 24, 1908, payable at First National Bank of London, Ky. H. Lyons & Son Stave Co." On August 5, 1908, a similar transaction was had between the parties, and a similar draft for $400 was given with a similar acceptance endorsed across the face of it. Storm Brothers took the drafts to the

First National Bank, and asked the cashier to cash them. The cashier said he could not do it; that they did not do their business through his bank; that they made it a point to take care of their own customers; but that Storm Brothers might leave the drafts there, and they would be paid when due. The day the drafts were due, Storm Brothers applied to the cashier for the money, and he told them there was no money there to pay them. They had a number of interviews with him, at which he always told them the same thing. Finally, in December, they learned that the stave company was in bad lines and went to the bank to get the drafts to bring suit upon them. The cashier then told them that he thought the drafts were all right and would be paid, and, as they say, further stated that the bank would guarantee the payment, and advised them not to bring suit. But they took the drafts to their lawyer, and he, after talking the matter over with them, advised them to take the cashier's advice. They then returned the drafts to the bank. Not long after this the Lyons Company failed, and the drafts were unpaid. The Storm Brothers then brought this suit against the bank, charging that the bank had received the drafts for collection and had negligently failed to collect them, and that thereby they had lost the money. An answer was filed by the bank, controverting the allegations of the petition as to any neglect on its part; the case came on for hearing before a jury, and on the trial the plaintiffs proved the facts above stated. The plaintiffs introduced as a witness on the trial Harry Lyons, who stated that he had kept the books of the Lyons Company, and that between June 20, 1908, and November 5, 1908, that company made deposits in the bank from time to time, which amounted all told to $17,168.04. Witness did not keep a record of the checks they drew, and did not know what the status of the account between the stave company and the bank on any day was. He also testified to their having made deposits amounting to about the same sum or more, for the six months preceding June 20; 1908, but he did not show that any of this money was on deposit in the bank to their credit on the day when either of the drafts in question matured. On this evidence, the circuit court instructed the jury peremptorily to find for the defendant, and the plaintiff's petition having been dismissed, they appeal.

The gist of the plaintiff's action is negligence. It is not a suit on the parol agreement to guarantee the

drafts. In order to hold the bank responsible, the burden of proof was upon them to show that the bank, by negligence, had failed to collect the drafts. Negligence is not presumed. It must be proved. Although the stave company made the deposits as shown by the evidence, it may be that none of this money was available for the payment of the two drafts in question. There is not a fact or circumstance shown in the evidence to establish this fact. They inquired at the bank on the day when the drafts were due, and were told there was no money there to pay them. They then asquiesced in this statement of the cashier, he and they both thinking that the stave company would be able in the near future to pay the drafts; but that the bank in fact ever had any money in its hands, which it could with propriety have applied to the payment of these drafts, is not shown by the evidence. It may be that each of these deposits was made to cover an existing overdraft. The facts shown are as consistent with this view as the contrary. Negligence not being presumed, and the proof not being sufficient to show negligence on the part of the bank, or to raise the presumption of negligence, the circuit court properly instructed the jury to find for the defendant.

Judgment affirmed.